AMERICAN HAY CO. v. DRY DOCK, E. B. & B. R. CO. et al.

(Circuit Court, S. D. New York. September 1, 1908.)

CORPORATIONS (§ 548*)—INSOLVENCY AND RECEIVERS—CREDITORS' SUITS—PROCEDURE—INTERVENTION BY CREDITORS.

In a creditors' suit by one creditor in behalf of all to marshal and distribute the assets of a corporation, in which a receiver has been appointed, where other creditors have filed claims and have proved or are proving them before a special master, it is unnecessary that they should formally intervene and file pleadings as complainants, even though the claim of the complainant should be paid as one entitled to priority; nor is such intervention necessary because of errors in the description of defendants' property in the original bill which are not material.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2185; Dec. Dig. § 548.*]

In Equity. On motion for leave to intervene.

Daniel Burke, for complainant.

Evarts, Choate & Sherman, for receiver of defendant.

LACOMBE, Circuit Judge. This is an application to allow certain creditors holding certificates of indebtedness of the railroad to intervene as parties plaintiff and to file an amended complaint, on the ground that the claim of the original plaintiff (for materials necessary for operation furnished within four months of receivership) is about to be paid. The moving parties have filed their claims and have proved or are proving them before the special master, and interlocutory decree has been entered. Under these circumstances intervention is unnecessary; the cause will go on even though the Hay Company be paid, because the suit was brought in behalf of all creditors; and there is nothing in the changed circumstances calculated to cause delay. If there should be any lack of diligence in expediting it, any creditor who has proved his claim may suggest that fact to the court, and se-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cure the relief as efficiently as if such creditor were formally named in the record as a party plaintiff. Nor is it any ground for the relief prayed for that there are in the original bill misdescriptions of the property of defendant, nor that such items of such property are not enumerated. All such inaccuracies may be brought to the attention of the special master, who will carefully ascertain what property should be marshaled, and the record may be perfected in final decree.

Motion denied.